IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARK OTIS BOATWRIGHT,** | : | |
| Plaintiff | : | |
| vs. | : | NO. 5:05-CV-431 (CAR) |
| **EUGENE FELTON,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION OF DISMISSAL

*Pro se* prisoner plaintiff **MARK OTIS BOATWRIGHT** filed the above-styled complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. Based on plaintiff's submissions, the court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full.

## I.  STANDARD OF REVIEW

### A.  28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2).  Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations.  *Id.* at 327;  *See also* ***Clark v. Georgia Pardons & Paroles Bd.,*** 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B.  General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a  § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff states in the complaint, that his constitutional right to due process was violated by defendant Eugene Felton, Jr., while defendant was employed as an Assistant District Attorney for Bibb County, Georgia. Plaintiff alleges, *inter alia*, that defendant knowingly used perjured evidence at plaintiff's trial and withheld exculpatory evidence. Plaintiff seeks ten thousand dollars in damages.

## III. RECOMMENDATION OF DISMISSAL

Prosecutors are absolutely immune from liability under § 1983 for acts or omissions associated with the judicial process in a criminal case. ***Imbler v. Pachtman***, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976); ***Elder v. Athens-Clarke County, Georgia***, 54 F.3d 694, 695 (11th Cir. 1995). Absolute immunity is essential in order that prosecutors can perform their duties without harassment or intimidation. ***Imbler v. Pachtman***, 424 U.S. at 424-25. This immunity includes a prosecutor's efforts to coerce a plaintiff's guilty plea. *See **Doe v. Russotti***, 503 F. Supp. 942, 945 (S.D.N.Y. 1980); ***Lewis v. County of Lehigh***, 516 F. Supp. 1369, 1371 (E.D. Pa. 1981).

Plaintiff does not complain of any acts of defendant that are outside the scope of his prosecutorial duties; therefore, defendant FELTON is absolutely immune from liability. Accordingly, plaintiff's claim against defendant FELTON must be dismissed as frivolous. It is so **RECOMMENDED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

3

**SO ORDERED AND RECOMMENDED**, this 9th day of December, 2005.



Claude W. Hicks, Jr.

   CLAUDE W. HICKS, JR.
   UNITED STATES MAGISTRATE JUDGE